UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-00888 DMG (Ex)** | Date | February 3, 2011 |
| Title | *GB Inland Properties LLC v. Arnoldo Ruiz, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**

On November 30, 2010, Plaintiff GB Inland Properties, LLC ("GB Inland") filed a complaint in Los Angeles County Superior Court against Defendant Arnoldo Ruiz and Doe defendants 1 through 10 for unlawful detainer. GB Inland seeks possession of real property and restitution for Plaintiff's use and occupancy of the property in the amount of $50 per day starting on November 23, 2010. (Compl. at 2-3.) GB Inland demands less than $10,000 in damages. (*Id*. at 1.)

Defendant removed this case to federal court on January 28, 2011 on the basis of diversity of citizenship. The face of the complaint reveals that GB Inland seeks less than $75,000, the minimum amount required for jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Defendant nonetheless asserts that the amount in controversy meets the $75,000 threshold because the property at issue has a value multiple times that amount. (Notice of Removal ¶ 24.)

In support of his position, Defendant relies on a student-written law review article from 1958—the year in which Congress raised the jurisdictional amount—for both diversity and federal question cases—from $3,000 to $10,000.[1] *See* Ralph J. Moore, Jr., Comment, *Federal Jurisdiction: Amount in Controversy in Suits for Nonmonetary Remedies*, 46 Cal. L. Rev. 601, 604 & n.35 (1958). Moore surveys the uncertainty in the law over how to calculate the amount in controversy for cases involving nonmonetary relief—whether from the damage to the plaintiff if relief is not granted, the damage to the defendant if relief is granted, or whichever amount is greater.

---

[1] Federal question jurisdiction no longer requires a minimum amount in controversy. *Compare* 28 U.S.C. § 1331 (1958) ("The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."), *with* 28 U.S.C. § 1331 (2011) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-00888 DMG (Ex)** | Date | February 3, 2011 |
| Title | *GB Inland Properties LLC v. Arnoldo Ruiz, et al.* | Page | 2 of 3 |

Fortunately, this question has been settled in the Ninth Circuit since 1944. In cases involving a single plaintiff and single defendant, courts follow the "either viewpoint" rule:

> [T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce. *See Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating amount in controversy, "[t]he value of the thing sought to be accomplished by the action may relate to either or any party to the action") (internal quotation omitted). In other words, where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.

*In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

Here, the complaint asserts that the cost to GB Inland if it does not recover possession of the property is $50 per day. If, on the other hand, GB Inland does recover possession, there is no reason to suspect that the cost to Defendant of obtaining a similar place of abode would be materially greater than $50 per day. Defendant's argument about the value of the property is thus spurious; this lawsuit does not involve the property's *title*. The complaint assumes title rests properly with Plaintiff. (*See* Compl. ¶ 5 ("Plaintiffs [sic] are the true owners and entitled to possession of the subject property.").) While Defendant may intend to dispute the validity of Plaintiff's claim to title, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009).

Therefore, the property's rental value is the proper measure of pecuniary loss to either party. As such, the amount in controversy in this case appears well below the jurisdictional minimum.

As an alternative basis for removal, Defendant invokes 28 U.S.C. § 1443(1), which permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." (*See* Notice of Removal ¶ 27.)

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-00888 DMG (Ex)** | Date | February 3, 2011 |
| Title | *GB Inland Properties LLC v. Arnoldo Ruiz, et al.* | Page | 3 of 3 |

them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.
*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted).

Defendant appears to contend that California's laws governing nonjudicial foreclosures and unlawful detainer actions violate his federal constitutional rights because these laws do not require Spanish translations of contracts or notices. (*See* Notice of Removal ¶¶ 35-44.) It is questionable whether language-based discrimination constitutes *racial* discrimination. *See Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983) ("[T]he conduct at issue here, the Secretary's failure to provide forms and services in the Spanish language, does not on its face make any classification with respect to Hispanics as an ethnic group. A classification is implicitly made, but it is on the basis of language, *i.e.*, English-speaking versus non-English-speaking individuals, and not on the basis of race, religion or national origin."); *cf. Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 795 (8th Cir. 2010) ("While Title VI prohibits discrimination on the basis of national origin, language and national origin are not interchangeable."); *Garcia v. Gloor*, 618 F.2d 264, 268 (5th Cir. 1980) ("Neither [Title VII] nor common understanding equates national origin with the language that one chooses to speak.").

Even if language discrimination can be construed as race discrimination, Defendant identifies no federal law or Constitutional provision requiring the translation of home loan contracts or foreclosure and eviction notices into Spanish. Thus, 28 U.S.C. § 1443(1) does not apply.

Finally, it appears that Defendant's notice of removal is untimely. A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Defendant filed an answer to the complaint on December 2, 2010 (Notice of Removal ¶ 8), by which time he evidently had received a copy of the complaint. Defendant did not file his notice of removal, however, until nearly two months later.

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court. Defendant shall file his response by **February 10, 2011**.

**IT IS SO ORDERED.**